IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHARON R. DEVINE                                                                                PLAINTIFF

vs.                                      Civil No. 3:07-cv-03036

MICHAEL J. ASTRUE                                                                            DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Sharon R. Devine ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff protectively filed applications for DIB and for a period of disability on April 25, 2002. (Tr. 12, 120-123).[1] In this application and in other documents filed with the SSA, Plaintiff alleged she was disable due to degenerative disc disease and four herniated dics. (Tr. 141). At the administrative hearing on March 16, 2006, Plaintiff also alleged she was disabled due to neck pain.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 514). In her application, Plaintiff alleged an onset date of October 23, 2001. (Tr. 121). This application was denied initially on July 23, 2002 and was denied again on reconsideration on October 15, 2002. (Tr. 27-30).

On November 14, 2002, Plaintiff filed a timely request for an administrative hearing on her application. (Tr. 69). Plaintiff claimed that a hearing was required and stated the following: "I am disabled and unable to perform substantial gainful activity given my age, education, and work experience, by reason of physical and mental impairments." *Id.* The hearing was held on May 30, 2003 in Harrison, Arkansas. (Tr. 436-459). On October 31, 2003, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 35-44). However, the Appeals Council vacated that decision on March 31, 2004 and sent the case back for additional development and a new decision. (Tr. 88-90).

A supplemental hearing was held on September 21, 2004 in Harrison, Arkansas. (Tr. 460-500). On November 16, 2004, the ALJ entered an unfavorable determination finding Plaintiff was not disabled. (Tr. 50-58). On July 26, 2005, the Appeals Council again vacated this decision and remanded Plaintiff's case for further development and re-evaluation of Plaintiff's impairments. (Tr. 104-106). A third hearing was held on March 16, 2006 in Harrison, Arkansas. (Tr. 501-540). At this hearing, Plaintiff was present and was represented by counsel, Frederick Spencer. *See id.* Plaintiff, Plaintiff's husband (Christopher Devine), and Vocational Expert ("VE") Jim Spragins testified at this hearing. *See id.*

On December 13, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and for a period of disability. (Tr. 12-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2007. (Tr. 14, Finding 1). The

ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 23, 2001, Plaintiff's alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff's chronic neck and arm pain, chronic back and leg pain, and depression were severe impairments, but they were not medically-determinable impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-18, Findings 3-4).

The ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 18-19, Finding 5). The ALJ determined Plaintiff's allegations regarding her limitations were not totally credible and then determined that Plaintiff retained the ability to perform a wide range of sedentary work. The ALJ found:

> More specifically, she can lift and carry 10 pounds frequently and 20 pounds occasionally; stand/walk for 2 hours out of an 8-hour workday; sit for 6 hours out of an 8-hour workday; and occasionally climb, balance, stoop, crouch, kneel, and crawl. She can frequently grasp, finger, handle, and feel and can occasionally reach above shoulder level and operate foot/hand controls. She must avoid moderate exposure to heights, hazards, chemicals, noise, humidity, dust/fumes, temperature extremes, and vibrations. From a mental standpoint, she is mildly limited but can generally function well in the ability to understand, remember, and carry out detailed instructions. She has limited, but satisfactory, ability to make judgments on simple work-related decisions; interact appropriately with the public, co-workers, and supervisors; and respond appropriately to work pressures in a usual work setting, as well as to changes in a routine work setting.

(Tr. 18, Finding 5). *See* 20 C.F.R. § 416.967.

The ALJ determined that Plaintiff was born on July 3, 1968 and was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c). (Tr. 19, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 19, Finding 8). The ALJ determined that transferability of job skills was not material to the ALJ's disability determination. (Tr. 19-20, Finding 9).

The ALJ then determined that Plaintiff would be unable to perform her Past Relevant Work ("PRW"). (Tr. 19-21, Findings 6, 10). Plaintiff's PRW included work as a receptionist, a data entry clerk, and an office clerk. (Tr. 19). The ALJ determined, based upon the evidence in the file, Plaintiff's testimony, the VE's testimony, and the information found in the *Dictionary of Occupational Titles* that Plaintiff could not perform her PRW. *See id.*

The ALJ then determined that, even though Plaintiff could not perform her PRW, she could perform other work existing in significant numbers in the national economy. (Tr. 19-21, Findings 6, 10). The ALJ based this determination upon the VE's responses to the ALJ's written interrogatories.[2] *See id.* In his responses to these written interrogatories, the VE found that a hypothetical person the same age as Plaintiff, with the same work experience, education, and RFC would be able to perform work existing in significant numbers in the national economy. *See id.*

Specifically, the VE stated that Plaintiff could perform work as a receptionist (900 such jobs in the region, 5,400 in Arkansas, and 583,000 in the United States), office clerk (400 such jobs in the region, 2,500 in Arkansas, and 418,000 in the United States), and telephone solicitor (250 such jobs in the region, 1,700 in Arkansas, and 19,000 in the United States). (Tr. 20-21). Based upon these responses, the ALJ determined that Plaintiff retained the ability to perform jobs existing in significant numbers in the national economy. (Tr. 20-21, Finding 10). The ALJ then determined that Plaintiff had not been under a "disability," as defined by the Act, at any time from October 23, 2001 through the date of his decision on December 13, 2006. (Tr. 21, Finding 11).

On February 1, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). On July 2, 2007, the Appeals Council declined to review the ALJ's

---

[2] These responses are included in the transcript on Pages 244-245.

decision, and the ALJ's decision became the final decision of the SSA. (Tr. 3-5). *See* 20 C.F.R. § 404.984(b)(2). On August 22, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. No. 5-6). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

5

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings this appeal claiming the following: (1) the ALJ erred by disregarding the opinions of Plaintiff's treating physician, Dr. Luke Knox, and her neuropyschologist, Dr. Vann Smith; (2) the ALJ erred in his hypothetical question to the VE; (3) the ALJ's disability determination is not supported by substantial evidence; (4) the ALJ erred by finding that Plaintiff did not meet the requirements of Listing 1.04B; and (5) the ALJ erred when he found Plaintiff had the RFC to perform sedentary work and only had mild mental impairments. (Doc. No. 5, Pages 1-

6

17). In response, Defendant argues that the ALJ properly considered, and discounted, the opinions of Dr. Knox and Dr. Smith. (Doc. No. 6, Pages 10-14). Defendant also argues that Plaintiff raised no specific issue concerning the wording of the ALJ's hypothetical to the VE and that this Court should find that this issue has been waived. *See id.* at 14-15. Defendant argues that Plaintiff did not meet her burden of establishing that she met the requirements of Listing 1.04B and that Plaintiff did not meet her burden of establishing her claimed limitations on her RFC. *See id.* at 11-12. Because this Court finds the ALJ erred in his credibility determination, this Court will only address Plaintiff's fifth argument.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

After reviewing the ALJ's opinion, this Court finds the ALJ erred in evaluating Plaintiff's subjective complaints of disabling pain. Instead of applying the factors, stating inconsistencies between Plaintiff's testimony and the transcript, and following the requirements of *Polaski*, the ALJ relied entirely upon his review of the medical records (Tr. 19) and gave the following explanation of his reasoning:

> In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR's 96-4p and 96-7p. The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSR's 96-2p, 96-5p, 96-6p and 06-3p.

(Tr. 18). This analysis is clearly insufficient to meet the requirements of *Polaski*, and on remand, the ALJ should fully evaluate Plaintiff's subjective complaints pursuant to the requirements of *Polaski*.

On remand, the ALJ should also more fully explain the reasons for disregarding the opinion of Dr. Knox, Plaintiff's treating physician.[4] (Tr. 298). *See* 20 C.F.R. § 404.1527(d)(2) (stating that "We [the SSA] will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion"). The ALJ did not provide any "good reasons" for discounting Dr. Knox's opinion, and on remand, the ALJ should more fully address this issue.

On remand, the ALJ should also ensure that the job or jobs the VE identifies at Step Five of the Analysis are consistent with the ALJ's other findings. In this case, the ALJ found Plaintiff's PRW included work as a *receptionist* (sedentary, semi-skilled) and found that Plaintiff could not perform this PRW. *See id.* The ALJ then determined, based upon the VE's responses to his hypothetical questions, that Plaintiff could, however, perform other work in the national economy. *See id.* The "other work" included work as a *receptionist* (sedentary, semi-skilled). (Tr. 244-245). It is unclear how the ALJ can find that Plaintiff cannot perform her PRW as a receptionist (sedentary, semi-skilled) but could perform other work as a receptionist (sedentary, semi-skilled). This issue should be more fully addressed on remand.

Furthermore, on remand, the ALJ should be careful to ensure that the directives of the Appeals Council are followed, which includes those directives from the remand orders dated March 31, 2004 and July 26, 2005.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and

---

[4] The Court notes the Defendant alleged several "good reasons" for disregarding Dr. Knox's opinion in his appeal brief. (Doc. No. 6, Pages 12-13). However, argument from the Defendant in a brief cannot substitute for the required analysis by the ALJ in his opinion.

remanded.

The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 23rd day of July, 2008.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE