IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHARON R. DEVINE                                                                                    PLAINTIFF

vs.                                          Civil No. 3:07-cv-03036

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On November 11, 2008, Sharon R. Devine ("Plaintiff") filed a Motion for Approval of Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 9). With this Motion, Plaintiff seeks an EAJA fee award of $1,723.78. *See id.* On November 17, 2008, Defendant responded to this Motion, and Defendant objects to Plaintiff's request for $1,723.78, arguing that Plaintiff is only entitled to an award of $1,565.28. (Doc. No. 10).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the relevant briefing, recommends that Plaintiff's Motion be **GRANTED.**

**1. Background:**

Plaintiff appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for Disability Insurance Benefits ("DIB"). (Doc. No. 1). On August 13, 2008, the Honorable Jimm Larry Hendren reversed and remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 8). On November 11, 2008, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. (Doc. No. 9). With

this Motion, Plaintiff requests an EAJA fee award of $1,723.78, representing 8.50 attorney hours at an hourly rate of $155.00, 4.75 paralegal hours at an hourly rate of $75.00, and $50.03 in costs. *See id.*

Defendant responded to this Motion on November 17, 2008. (Doc. No. 11, Pages 1-5). Defendant objects to Plaintiff's Motion, claiming Plaintiff is only entitled to $1,565.28, representing 8.5 hours of attorney work at an hourly rate of $154.00 per hour, 2.75 hours of paralegal work at an hourly rate of $75.00 per hour, and $50.03 in costs. *See id.* Specifically, Defendant claims Plaintiff is only entitled to $154.00 per hour of attorney work, not $155.00 per hour. *See id.* Additionally, Defendant claims Plaintiff is only entitled to 2.75 hours of paralegal work because the other 2.00 hours were used to perform secretarial work which is not compensable under EAJA. *See id.* Defendant does not, however, object to Plaintiff's request for costs. *See id.*

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42

U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI).  *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA.  (Doc. No. 8).  Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose her application for

3

fees under the EAJA, does not object to the hourly rate requested for attorney work, and does not dispute the number of hours expended by counsel. (Doc. No. 11). This Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

In the present action, Plaintiff requests a total award of $1,723.78 under the EAJA, which includes 8.5 hours of attorney work at an hourly rate of $155.00 per attorney hour, 4.75 hours of paralegal work at an hourly rate of $75.00 per paralegal hour, and $50.03 in costs. (Doc. No. 9). First, Plaintiff requests fees at a rate of $155.00 per hour for 8.5 hours of attorney work. *See id.* Defendant has objected to this hourly rate, claiming that an hourly rate of $154.00 for attorney work is more appropriate. However, in this case, an hourly rate of $155.00 per attorney hour is authorized by the EAJA because Plaintiff has submitted a CPI. (Doc. No. 10, Ex. 2). Accordingly, this Court finds that the hourly rate of $155.00 per attorney hour is appropriate for the award of attorney's fees in the present action. *See Johnson,* 919 F.2d at 504.

Second, Plaintiff requests paralegal fees at a rate of $75.00 per hour for 4.75 hours of paralegal work. *See id.* Defendant does not object to the hourly rate requested. *See id.* Instead, Defendant objects to this request and claims that Plaintiff is only entitled to paralegal fees for 2.75 of these 4.75 hours. *See id.* Defendant claims Plaintiff is not entitled to compensation for 2.00 of the 4.75 hours because those hours were used for "secretarial work," which is not compensable under the EAJA. *See id.* Specifically, Plaintiff claims the following is "secretarial work":

| | | |
|---|---|---|
| 8/23/07 | Receipt and review of file-marked copy of the summons with attached complaint. Review of file. | 0.25 |
| 9/25/07 | Perfected service of the complaint to the U.S. Attorney, U.S. Attorney General and Regional Chief. Review of File. | 0.25 |

| Date | Description | Hours |
|---|---|---|
| 11/02/07 | Preparation of the Affidavit of Service. Review of File. | 0.50 |
| 9/08/08 | Receipt and review of ALJ Jonas Notice of Order of Appeals Council remanding case to ALJ. Review of File. | 0.25 |
| 9/15/08 | Receipt and review of SSA ALJ Starr hearing request acknowledgment and fee petition fee agreement process. Review of File. | 0.25 |
| 10/16/08 | Preparation of Affidavit of Plaintiff. Congratulations to the client with affidavit to be signed. Review of file. | 0.50 |

After examining this itemized list, this Court finds that none of this work should be considered merely "secretarial work." As such, this work is compensable under the EAJA, and Plaintiff is entitled to the entire 4.75 hours of paralegal work at the hourly rate of $75.00 per hour.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. (Doc. No. 10, Exs. 11-12). The Court notes that Defendant has not objected to the number of hours for which Plaintiff seeks a fee award for attorney work, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds that Plaintiff is entitled to an EAJA award in the amount of $1,723.78, representing 8.5 hours of attorney work at an hourly rate of $155.00, 4.75 hours of paralegal work at an hourly rate of $75.00, and $50.03 in costs.

## 4. Conclusion:

Based upon the foregoing, the Court recommends that Plaintiff be awarded **$1,723.78** pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

    **ENTERED this 2nd Day of December, 2008.**

                                                 /s/   Barry A. Bryant  
                                              HON. BARRY A. BRYANT  
                                              U.S. MAGISTRATE JUDGE